UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENT JACOBY,

                  Plaintiff,

                                      **Hon. Hugh B. Scott**

                 v.

                                      10CV920

                                      (CONSENT)

J. CONWAY, Superintendent, et al.,

                                      **Order**

                  Defendants.
_____

Before the Court is plaintiff's motion to compel (Docket No. 17). Plaintiff is an inmate proceeding <u>pro se</u> and is currently incarcerated outside of this District, housed at the Baldwin, County, Alabama, Jail. Responses to this motion were due by May 23, 2012, and any reply by June 4, 2012 (Docket No. 18). Defendants responded (Docket No. 19) and plaintiff replied (Docket No. 21). Defendants then submitted a sur-reply (Docket No. 23)[1]. The parties consented to proceed before the undersigned as Magistrate Judge on December 14, 2011 (Docket No. 7).

BACKGROUND

Plaintiff alleges use of excessive force against him by defendants while he was incarcerated at the Attica Correctional Facility on July 7, 2010 (<u>see</u> Docket No. 16, Am. Compl.). Plaintiff warned inmates that corrections officers were on his floor when an unnamed Hispanic inmate on the same floor was allegedly beaten by officers (<u>id.</u> Claim # 1, ¶¶ 1-4). Later that evening, plaintiff was stopped on his way to recreation, called names for helping the Hispanic

---

[1] Absent permission by this Court, a sur-reply is not permitted by local rules, W.D.N.Y. Loc. Civ. R. 7(a)(6). But given the information reported in this sur-reply, permission for Docket No. 23 is **granted** <u>nunc pro tunc</u>.

inmate and punched by an officer causing injuries (id., ¶¶ 5-10).  He was then advised to remain in his cell but on July 15, 2010, plaintiff went outside and was beaten by other corrections officers (id., ¶¶ 13-16).  On July 20, 2010, plaintiff was patted down again and had his legs and boots grabbed causing pain (id., ¶ 18) and was slammed into a wall after he was told to go (id., ¶ 19).  He alleges infringement on his First, Eighth, and Fourteenth Amendment rights for retaliation, cruel and unusual punishment, and harassment (id. at page 8).

Defendants answered the Amended Complaint (Docket Nos. 20, 22).  This Court then entered a Scheduling Order (Docket No. 9, Order of Feb. 6, 2012).

*Plaintiff's Motion to Compel*

On May 4, 2012, plaintiff moved for an Order to compel production (Docket No. 17). There, he seeks defendants to produce disciplinary records and grievances lodged against them for assault, excessive use of force, and harassment.  He also seeks the Incident Report arising from a use of force against a Hispanic inmate that plaintiff witnessed, missing eye examinations, and his medical records regarding being prescribed glasses for damage to his right eye.  (Id.)

Defendants argue that plaintiff has not served discovery demands and therefore this motion to compel must be denied (Docket No. 19, Defs. Atty. Decl. ¶ 3).  Treating the motion as such a demand, however, defendants intend to respond and make such objections as they may find appropriate (id. ¶ 3).

In reply, plaintiff argues that his motion should be granted because he did  "file" his discovery requests with defense counsel, but counsel declined to respond to them as being untimely under this Court's rules (Docket No. 21, Pl. Reply ¶¶ 3, 4, 6).

In their counsel's sur-reply, defense counsel acknowledged receiving (and returning) plaintiff's discovery requests on March 9, 2012, since ordered initial disclosure was not due until April 5, 2012 (Docket No. 23, Defs. Sur-Reply ¶ 4). Defendants deemed plaintiff's demands duplicative of the initial disclosure of all relevant documents (id.). They declined to respond to the request for admissions or the Interrogatories because they were not addressed to a particular person (id. ¶ 5). Instead of serving discovery demands after receipt of the initial disclosure (Docket No. 12, filed Apr. 4, 2012), defendants conclude that plaintiff filed this motion to compel (Docket No. 23, Defs. Sur-Reply ¶ 6). Defendants then raised various objections to the objectionable documents sought by plaintiff (id. ¶¶ 7, 8-10). Plaintiff's medical records were also filed under sealed with this Court (id. ¶ 11; Docket No. 13, medical records filed under seal on Apr. 9, 2012).

## DISCUSSION

I.     Plaintiff's Motion to Compel

As defendants note (Docket No. 19, Defs. Atty. Decl. ¶ 4), in order to move to compel discovery, the movant first has to seek that discovery, see Fed. R. Civ. P. 37(a)(3)(B). But from defendants' sur-reply, they acknowledge that plaintiff tried to serve discovery demands, but deemed them premature since initial disclosures had yet to be served and plaintiff did not serve demands in light of the materials he received in that initial disclosure (Docket No. 23, Defs. Sur-Reply ¶¶ 4, 6). Thus, what plaintiff received from defendants in the initial disclosure (see Docket No. 12; see also Docket No. 13, presumably served to plaintiff as part of Docket No. 12 (¶ 3)) may be responsive to plaintiff's demands that he seeks compelled answers.

If not, plaintiff is to serve new discovery demands that seek material not produced. If plaintiff repeats requests for objectionable items (cf. Docket No. 23, Defs. Sur-Reply ¶¶ 7-10), defendants in their responses may renew these objections or (if necessary) move for a Protective Order against disclosure. As required by this Court's Local Civil Rule, W.D.N.Y. Loc. R. 5.2(f), plaintiff is to file his discovery demands with this Court as well as serve them upon defense counsel. If plaintiff serves these new demands and defendants fail to respond or do not respond sufficiently, plaintiff may then move to compel.

Plaintiff's present motion to compel (Docket No. 17) is **terminated as moot**. Given this termination, this Court will not entertain imposition of Rule 37 sanctions for grant or denial of motion, cf. Fed. R. Civ. P. 37(a)(5). Defendants are not receiving a Protective Order against disclosure; instead, the premature motion to compel is being terminated. Therefore, no sanctions will be imposed.

II.     Schedule for this Action and Contacting Plaintiff

Under the current Scheduling Order (Docket No. 9), motions to compel discovery are due by June 6, 2012, and discovery is to be completed by July 6, 2012. Given that plaintiff is proceeding pro se from a facility outside of this District, he will be given an opportunity (and additional time) to conduct and complete his discovery (if any) beyond the initial disclosure received and other discovery produced to date.

Meanwhile, defense counsel wrote to this Court indicating that she could not contact plaintiff's facility in Alabama to facilitate his presence at an August 21 status conference (letter of Assistant Attorney General Kim Murphy to Chambers, June 5, 2012). Counsel does not indicate any attempt to contact the Baldwin County Jail, merely stating that she did not "have any

control or relationship whatsoever with the out-of-state facility where plaintiff is incarcerated" (id.).  Plaintiff then wrote from that facility, on June 12, 2012, expressing his interest in appearing at the August 21 conference by telephone, and identifying Major Dale Byrne as the commander of corrections at the Baldwin County Jail (letter of plaintiff to Chambers, June 12, 2012, received June 21, 2012).  Plaintiff requests that either the Court order Byrne to facilitate this telephone call or that defense counsel make the arrangement (id.).

This Court acknowledges that defense counsel, unlike the typical cases where New York State employees or agencies are parties, has no control over the facility that has custody over plaintiff.  Prior to the Court intervening to have plaintiff available for this conference, defense counsel is to contact plaintiff's facility to learn what would be required to make this teleconference occur.

As a result, an Amended Scheduling Order will be issued, as follows:

1.  All discovery in this case shall conclude on **September 21, 2012**.  All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.  Parties shall conduct the examination of plaintiff pursuant to Fed. R. Civ. P. 30 within this discovery period.

2.  Plaintiff shall identify experts, if any, and provide written reports in compliance with Rule 26(a)(2) no later than **July 16, 2012**; defendants shall identify experts, if any, and provide written reports in compliance with Rule 26(a)(2) no later than **September 4, 2012**.  See Local Civil Rule 26.

3.  A Status Conference **remains** scheduled for **Tuesday, August 21, 2012, 10:15 am**, at United States Courthouse, Genesee Courtroom, 2 Niagara Square, Buffalo, New York.  As indicated above, **defense counsel shall assist the Court in making plaintiff available for this conference by teleconference from plaintiff's facility**.  This Court is aware that plaintiff is not in defendants' custody (or even in this state), but **orders defense counsel to assist by contacting plaintiff's facility to see what would be required to have his appearance at this conference by telephone**.  Defense counsel shall report by **August 16, 2012**,

either the contact information for plaintiff at his present facility or the what would be required to obtain plaintiff's attendance at this conference.

4. Dispositive motions, if any, shall be filed no later than **December 21, 2012**.

5. In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16(e)(2) shall be <u>filed and served</u> no later than **the date to be determined by this Court in a separate Order**; a Final Pretrial Conference and Trial dates will also be set by separate Order.

6. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

7. Moreover, if counsel are of the belief that an intermediate conference with the Court would be of assistance in the prompt disposition of the case, such a conference will be scheduled upon application of any party.

8. Pursuant to Local Civil Rule 5.2(d), plaintiff shall inform the Court of any changes of address, with the failure to do so resulting in the dismissal (**with prejudice**) of this action.  Plaintiff is reminded that the original of any motion or other document sent for filing with the Court must be sent to the Court Clerk, with courtesy copy to the chambers of the undersigned; a courtesy copy alone will not be deemed filing.

9. Plaintiff's and counsel's attention again is directed to Fed. R. Civ. P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 17) is **terminated as moot** and deemed to be a request for document production.  Plaintiff may serve and file new discovery demands, consistent with this Order, anytime before the motion to compel deadline, of **August 21, 2012**.  No sanctions shall be imposed for this motion.

The Court amends the Scheduling Order (Docket No. 9) in this action as stated above (<u>see</u> pages 5-6).  Pursuant to that amended Scheduling Order, defense counsel is to contact the authorities holding plaintiff in Alabama and determine the means to facilitate plaintiff's

appearance by telephone for a status conference to be held on **August 21, 2012**, and to report to this Court the results of that contact by **August 16, 2012**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       June 25, 2012