UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRENT JACOBY,

                Plaintiff,

v.

J. CONWAY, Superintendent, et al.,

                Defendants.

**Hon. Hugh B. Scott**

10CV920

(CONSENT)

**Order**

Presently before this Court is what this Court terms the pro se plaintiff's renewed motion to compel (Docket No. 17) following a status conference described below. This Order is the result of in camera review of certain documents provided by the defendants that plaintiff sought produced.

Plaintiff is an inmate currently incarcerated outside of this District at the Baldwin, County, Alabama, Jail. Plaintiff alleges use of excessive force against him by defendants while he was incarcerated at the Attica Correctional Facility on July 7, 2010 (see Docket No. 16, Am. Compl.). Plaintiff warned inmates that corrections officers were on his floor when an unnamed Hispanic inmate on the same floor was allegedly beaten by officers (id. Claim # 1, ¶¶ 1-4). Later that evening, plaintiff was stopped on his way to recreation, called names for helping the Hispanic inmate and punched by an officer causing injuries (id., ¶¶ 5-10). He was then advised to remain in his cell but on July 15, 2010, plaintiff went outside and was beaten by other corrections officers (id., ¶¶ 13-16). On July 20, 2010, plaintiff was patted down again and had his legs and boots grabbed causing pain (id., ¶ 18) and was slammed into a wall after he was told

to go (id., ¶ 19). He alleges infringement on his First, Eighth, and Fourteenth Amendment rights for retaliation, cruel and unusual punishment, and harassment (id. at page 8). Defendants answered the Amended Complaint (Docket Nos. 20[1], 22[2], 24[3]) generally denying the allegations in Claim #1. The parties consented to proceed before the undersigned as Magistrate Judge on December 14, 2011 (Docket No. 7).

Plaintiff previously moved to compel discovery (Docket No. 17), seeking (among other items) the Incident Report arising from a use of force against a Hispanic inmate that plaintiff witnessed (id. at 1, Motion to Compel at 2). That motion later was deemed to be moot because plaintiff had not served formal discovery demands or, if those demands were filed and served, were later responded to by the defense with the submission of their initial disclosure (Docket No. 25, Order at 3-4; see Docket No. 19, Defs. Atty. Decl. ¶ 3; Docket No. 23, Defs. Sur-Reply ¶ 4). In responding to this motion to compel, defendants objected, among various grounds, that disclosure of the Hispanic inmate's information would contain confidential information that can not be produced to other inmates (Docket No. 23, Defs. Sur-Reply ¶ 10).

The Order mooting plaintiff's motion also reset the schedule for this action (Docket No. 25, Order at 4-6), with discovery to be completed by September 21, 2012 (id. at 5). Plaintiff also moved for appointment of counsel (Docket No. 26), which was denied without prejudice (Docket No. 28).

---

[1] Answer by James Conway, Paul Chappius, Robert Dunbar, Gary Pritchard, and Matthew Rademacher.

[2] Answer by Sean Warner and Scott Bosworth.

[3] Answer by Keith Swack.

During a status conference on August 21, 2012, plaintiff renewed his request for the name of a Hispanic inmate that was the alleged impetus of the incident involving plaintiff. Defendants note that the documents needed to be located but stated their objection to producing them to plaintiff and sought to submit them to this Court for <u>in camera</u> inspection. (Docket No. 31, minutes of Aug. 21, 2012, conference.) Defense counsel submitted these documents to this Court for <u>in camera</u> inspection (letter of Deputy Assistant Attorney General in Charge Kim Murphy to Chambers, Aug. 29, 2012).

This Court has reviewed the <u>in camera</u> submissions, which consist of the unusual incident reports, inmate injury and misbehavior reports, and use of force reports arising from July 7, 2010, incident involving the Hispanic inmate. None of these documents refer either to plaintiff or subsequent incidents involving him. These documents confirm that an incident occurred on July 7, 2010, prior to the alleged retaliation plaintiff endured later that evening and on July 15, 2010, and identify both the Hispanic inmate and the corrections officers involved in the July 7 incident.

The question then is whether defendants must produce these documents to plaintiff. Federal Rule of Civil Procedure 26(b)(1) sets the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense." For good cause, this Court may order discovery of "any matter relevant to the subject matter involved in the action," <u>id.</u> while "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence," subject to the limits of Rule 26(b)(2)(C). This Court on its own may limit the extent of discovery if it determines, among other factors, that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the

needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues," Fed. R. Civ. P. 26(b)(2)(C)(iii).

Here, the burden of producing this otherwise confidential material outweighs any benefit to the plaintiff. The name of the Hispanic inmate may not be helpful to establish plaintiff's subsequent harassment if that inmate is unaware of it and thus could not have witnessed it. Reports from the Hispanic inmate's encounter on July 7 is not relevant to plaintiff's retaliation claims. For purposes of plaintiff's retaliation claims, all he needs to know is that a prior incident occurred and he does not need the documents that (while recording that event) go into greater, but for this action irrelevant details about that incident, including alleged injuries to the Hispanic inmate and the corrections officers (if any).

## CONCLUSION

For the reasons stated above, so much of plaintiff's motion to compel (Docket No. 17) as revived at the Status Conference of August 21, 2012 (see also Docket No. 31), to compel production of the name of the Hispanic inmate and related documents to the incident prior to the harassment alleged in this Complaint (reviewed by this Court in camera) is **denied**. Chambers of the undersigned shall return the in camera documents to defense counsel.

So Ordered.

                                                */s/ Hugh B. Scott*
                                                Honorable Hugh B. Scott
                                                United States Magistrate Judge

Dated: Buffalo, New York
      September 10, 2012